# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOSE SANCHEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 17 C 7863 |
| | ) | |
| v. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| ERIC HARGAN, Acting Secretary, U.S. | ) | |
| Dept. of Health and Human Svcs., | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

The plaintiff has filed a seemingly routine Motion to Compel the Production of Documents responsive to thirteen document requests. [Dkt. #74]. The Motion is denied for the reasons set forth below.

At first blush, the requests at issue are exceedingly broad. Nine include no time limitation whatsoever. [Dkt. #74, at Page 8-9/25]. Such temporally unlimited requests necessarily (or at least potentially) exceed the bounds not only of relevance, but of proportionality under Fed.R.Civ.P. 26(b)(1). But more troubling is the fact that the Motion to Compel is exceedingly tardy, and the excuses – to the extent they are made – ring hollow.

Significantly, discovery in this case closed on December 31, 2019. [Dkt. # 73]. And that was after *seven* extensions – five at plaintiff's request – totaling a year and three months. [Dkt. ## 40, 42, 46, 48, 56, 57, 58, 60, 61, 63, 64, 66]. Plaintiff tells us that he "waited until the close of discovery to file this motion with the hope that the matter could be resolved. However, the parties have not yet resolved the matter and since discovery is closing, Plaintiff [says he] must file his motion." [Dkt. #74, at 5]. But plaintiff's motion was filed *after* the close of business – 5:31 pm – on that date. [Dkt.

# 74 (Filing Receipt, Html Version)]. Discovery then wasn't "closing", it *had* closed. And plaintiff certainly knew, or at least should have known long before the requested extension that discovery was about to close without there having been any resolution of the case.[1] Waiting to the end was not a viable option and had nothing to commend it. Beyond that, there is seldom anything to be gained by delay in filing motions. *See, e.g., Gutierrez v. AT&T Broadband, LLC,* 382 F.3d 725, 733 (7th Cir. 2004); *In re Sulfuric Acid Antitrust Litigation,* 230 F.R.D. 527, 533 (N.D.Ill. 2005); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 331, 337 (N.D.Ill. 2005); *In re Sulfuric Acid Antitrust Litigation*, 231 F.R.D. 320, 325 (N.D.Ill. 2005).

But to make matters worse, the plaintiff did not even notice the motion for a hearing *until a month after* the discovery deadline. [Dkt. #75]. The purpose of the (unexplained) delay is obvious. Apart from the fact that a denial of important discovery does not result in the aggrieved party waiting a month after a motion to compel is filed before seeing a judge, Local Rule 5.3(b) prohibits what the plaintiff did in this case despite his insistence on the importance of the material he was seeking. Not only did he wait until the last day of the discovery schedule but he set the motion for a hearing a month after discovery closed even though Local Rule 5.3(b) requires that all motions be presented within 14 days after their filing. The course pursued by the plaintiff is all too obvious. *See* the extended discussion in *G&G Closed Circuit Events vs. Castillo*, 2016 WL 3551634 at 7-8 (N.D.Ill. 2016).

Plaintiff also tells us that he issued the requests at issue over six months ago, on June 11, 2019. The defendant responded – late – on August 30, 2019 [Dkt. #74, Page 24/25], and it is that

---

[1] A court in this district has even held under the circumstances presented by that case that a motion to compel filed four days before the close of discovery was too late. *Ridge Chrysler Jeep, LLC v. Daimler Chrysler Services North America, LLC,* 2004 WL 3021842 (N.D.Ill.2004).

response that the plaintiff charges is unsatisfactory. So this dispute has been stewing for five months, more than ample time to have tossed a five-page motion to compel into the pot. It might be understandable if plaintiff didn't want to file a motion to compel during productive settlement discussions, but a motion to extend discovery – a motion plaintiff has not been shy about thus far – certainly would not have derailed negotiations; if there had been any.

We use the phrases "might be understandable" and "if there had been any" in the previous paragraph advisedly. Judge St. Eve directed the parties to commence settlement efforts on May 7, 2018. [Dkt. # 28]. But, as of October 21, 2019 – well over a year later – plaintiff had not even presented the defendant with a settlement demand. [Dkt. #73]. On October 1, 2019, they reported to Judge Seeger that they had not had *any* settlement discussions. [Dkt. #70, at 4]. Judge Seeger had to again *order* plaintiff to do what Judge St. Eve had ordered a year earlier. The new date was November 12, 2019. [Dkt. #73]. So, there were no settlement discussions – plaintiff's excuse for not filing a motion to compel – going on for two months after defendant submitted its purportedly unsatisfactory answers. Settlement discussions, then, are at best a thin reed on which to hang an excuse for not filing a motion to compel or a motion to extend the discovery deadline, and at worst a complete fabrication. The motion to compel is denied.

ENTERED: _____
UNITED STATES MAGISTRATE JUDGE

**DATE:** 2/3/20